Turley, J.
delivered the opinion of the court.
This is an action brought on the bond of a constable, to recover an amount of money collected by him and not paid over. The declaration is in the usual form. The breach assigned is, that the constable received of the plaintiffs, West & Atkinson, the promissory note for collection, executed by one Hugh Davis, for the sum of one hundred and sixty-three dollars; which note he, as constable, by virtue of process put in his hands, proceeded to collect, and did collect, together with all cost and charges, amounting to one hundred and sixty-four dollars and ninety cents debt, and thirteen dollars and eighty-four cents cost, all of which he failed to pay over as he is required by law. Pleas, covenants performed, payment, accord and satisfaction. Upon the trial, the plaintiff introduced, in evidence, an execution issued by Thomas B. Firth, a Justice of the Peace for Fayette county, commanding the said constable to collect of Hugh Davis and Thomas N. Giles the sum of 164 dollars and 90 cents debt and interest, and the cost, 13 dollars and 84 cents, to satisfy a judgment of the plaintiffs West & Atkinson; upon which was endorsed, in the hand writing of the constable, satisfied in full. The Judge charged the jury, that *487 it was for them to determine whether the constable had collected the money of the plaintiffs, claimed in the declaration: if he did, they should find for the plaintiffs; which was accordingly done. Defendant moved for a new trial, which was refused, and a writ of error is prosecuted to this court. The question for our consideration is, whether the breach assigned is sufficiently proved. It is alleged, on behalf of the plaintiffs in error, that it is not; that the breach being assigned for the collection of money by process upon a note placed in a constable’s hands, drawn by Hugh Davis, it should have been proved that the process read in evidence against Hugh Davis and Thomas N. Giles was issued upon a judgment rendered on the note described in the declaration; and this is sought to be assimilated to the case in which a plaintiff in setting out his right to sue in a declaration, describes it erroneously; as when a plaintiff in trespass claims title as tenant in fee, when he was only tenant for life or for years; in which case he is bound to prove his title as laid, although his true title would have supported the action. This similarity does not, in our opinion, exist. The same certainty is not required, in assigning a breach that is in setting forth plaintiff’s right to sue: his ground of action rests upon his right. If that be misdescribed, he must fail, because the description was necessary in order that the defendant might know what he had to combat; and to permit him to sue in one right and recover in another, would be to take the defendant by surprise; and therefore it has always been held, that if the description can be rejected as surplusage, it should be done; but otherwise, not. But the allegation of a breach is not thus strictly judged: all that ever earn be required is, that the breach complained of be substantially set forth and substantially proved. In this case, the breach complained of, is the failure to pay over $164 90 and cost, collected by defendant from Hugh Davis; and the proof shows the amount to have been collected from him and another. This is substantially sufficient, and we therefore affirm the judgment.